O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICKY BENARD WALKER,<br>　　Plaintiff,<br>　v.<br>NANCY A. BERRYHILL, Acting Commissioner of Social Security<br>　　Defendant. | Case No. CV 16-01040-KES<br><br>MEMORANDUM OPINION<br>AND ORDER |

Ricky Benard Walker ("Plaintiff") appeals the final decision of the Commissioner denying his application for Social Security disability insurance benefits and supplemental security income. For the reasons stated below, the Commissioner's decision is confirmed.

## I.

## BACKGROUND

Plaintiff filed an application for benefits alleging disability beginning on November 30, 2011. Administrative Record ("AR") 197-202. A hearing was held before an administrative law judge ("ALJ") on February 3, 2013. AR 43-73. The

ALJ issued a decision denying benefits on April 11, 2014. AR 26-42.

Plaintiff requested review by the Appeals Council, which denied review on December 18, 2015. AR 1-7. On that date, the ALJ decision became the final decision of the Commissioner. See 42 U.S.C. § 405(h). This timely civil action followed.

## II.
## STANDARD OF REVIEW

### A.   Substantial Evidence and Harmless Error.

Under 42 U.S.C. § 405(g), a district court may review the Commissioner's decision to deny benefits. The ALJ's findings and decision should be upheld if they are free from legal error and are supported by substantial evidence based on the record as a whole. 42 U.S.C. § 405(g); Richardson v. Perales, 402 U.S. 389, 401 (1971); Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). Substantial evidence means such relevant evidence as a reasonable person might accept as adequate to support a conclusion. Richardson, 402 U.S. at 401; Lingenfelter v. Astrue, 504 F.3d 1028, 1035 (9th Cir. 2007).

"A decision of the ALJ will not be reversed for errors that are harmless." Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005). Generally, an error is harmless if it either "occurred during a procedure or step the ALJ was not required to perform," or if it "was inconsequential to the ultimate nondisability determination." Stout v. Comm'r of SSA, 454 F.3d 1050, 1055 (9th Cir. 2006).

### B.   The Five-Step Evaluation Process.

A person is "disabled" for purposes of receiving Social Security benefits if he is unable to engage in any substantial gainful activity owing to a physical or mental impairment that is expected to result in death or which has lasted, or is expected to last, for a continuous period of at least 12 months. 42 U.S.C. § 423(d)(1)(A); Drouin v. Sullivan, 966 F.2d 1255, 1257 (9th Cir. 1992). A claimant for disability benefits bears the burden of producing evidence to demonstrate that he was disabled within

the relevant time period. Johnson v. Shalala, 60 F.3d 1428, 1432 (9th Cir. 1995).

The ALJ follows a five-step sequential evaluation process in assessing whether a claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4); Lester v. Chater, 81 F.3d 821, 828 n. 5 (9th Cir. 1996). In the first step, the Commissioner must determine whether the claimant is currently engaged in substantial gainful activity; if so, the claimant is not disabled and the claim must be denied. 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i).

If the claimant is not engaged in substantial gainful activity, the second step requires the Commissioner to determine whether the claimant has a "severe" impairment or combination of impairments significantly limiting his ability to do basic work activities; if not, a finding of not disabled is made and the claim must be denied. Id. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).

If the claimant has a "severe" impairment or combination of impairments, the third step requires the Commissioner to determine whether the impairment or combination of impairments meets or equals an impairment in the Listing of Impairments ("Listing") set forth at 20 C.F.R., Part 404, Subpart P, Appendix 1; if so, disability is conclusively presumed and benefits are awarded. Id. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii).

If the claimant's impairment or combination of impairments does not meet or equal an impairment in the Listing, the fourth step requires the Commissioner to determine whether the claimant has sufficient residual functional capacity ("RFC") to perform his past work; if so, the claimant is not disabled and the claim must be denied. Id. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). The claimant has the burden of proving he is unable to perform past relevant work. Drouin, 966 F.2d at 1257. If the claimant meets that burden, a prima facie case of disability is established. Id.

If that happens or if the claimant has no past relevant work, the Commissioner then bears the burden of establishing that the claimant is not disabled because he can perform other substantial gainful work available in the national economy. 20 C.F.R.

3

§§ 404.1520(a)(4)(v), 416.920(a)(4)(v). That determination comprises the fifth and final step in the sequential analysis. Id. §§ 404.1520, 416.920; Lester, 81 F.3d at 828 n. 5; Drouin, 966 F.2d at 1257.

**C.  The ALJ's Application of the Five-Step Review Process in this Case.**

At step one, the ALJ determined that Plaintiff had not engaged in substantial activity since his alleged onset date in November 2011. AR 31. At step two, the ALJ determined that Plaintiff had the following severe impairments: systemic lupus erythematosous, cervical and lumbar degenerative disc disease, and a right wrist cartilage tear. AR 31. At step three, the ALJ determined that these impairments, or the combination thereof, did not meet or medically equal the severity of one of the impairments in the Listing. AR 32.

At step four, the ALJ determined that Plaintiff had the RFC to perform a limited range of sedentary work as follows: Plaintiff can stand and walk for 2 of 8 hours cumulatively, but for no more than 15 minutes at a time; can sit for up to 6 of 8 hours cumulatively; must be permitted the use of a cane for ambulation of over 50 yards; cannot perform any postural function more than occasionally; can never climb ladders, ropes, or scaffolds; and can no more than frequently engage in all manipulative functions with his right upper extremity. AR 32.

The ALJ found that Plaintiff had no past relevant work because, although he had previously worked as a warehouse worker, he did not perform it at the substantial gainful activity level. AR 36. Relying on the testimony of a vocational expert ("VE"), the ALJ determined that Plaintiff could perform sedentary, unskilled occupations such as button reclaimer (DOT 734.687-042), surveillance systems monitor (DOT 379.367-010), and cutter/paster (DOT 249.587-014). AR 36-37.

### III.

### ISSUES PRESENTED

On March 6, 2017, Plaintiff filed a request for judicial notice. (Dkt. 25.) On March 9, 2017, the parties filed a joint stipulation raising one issue: whether the ALJ

could accept the testimony of a VE in facial conflict with the Occupational Outlook Handbook ("OOH"). (Dkt. 26 ["JS"] at 5.)

## IV.

## DISCUSSION

### A. Plaintiff's Request for Judicial Notice is Granted in Part.

Plaintiff asks the Court to take judicial notice of certain sections of the OOH, which is published by the Bureau of Labor Statistics of the U.S. Department of Labor. (Dkt. 25.) Like the Dictionary of Occupational Titles ("DOT"), the Social Security Administration has taken administrative notice of the job information in the OOH. See 20 C.F.R. § 416.966(d).

The Court will take judicial notice of the OOH, insofar as the Court accepts that Plaintiff has accurately presented the information contained in that publication. To the extent Plaintiff is arguing that the job information in the OOH is more reliable than the job information in the DOT, however, this is a matter "subject to reasonable dispute," which is not appropriate for judicial notice. See Fed. R. Evid. 201(b).

### B. The ALJ was Not Required to Address Conflicts Between the VE's Testimony and the OOH.

The Commissioner has "take[n] administrative notice of reliable job information available from various governmental and other publications." 20 C.F.R. § 416.966(d). The five publications listed in that regulation are: (1) the DOT, (2) County Business Patterns, published by the Bureau of the Census, (3) Census Reports, also published by the Bureau of the Census, (4) Occupational Analyses prepared for the Social Security Administration by various State employment agencies, and (5) the OOH. Id.

The Commissioner relies "primarily" on the DOT for information about the requirements of work in the national economy. See Social Security Ruling ("SSR") 00-4p, 2000 SSR LEXIS 8, at *4. If there is a conflict between the DOT and testimony given by a VE, SSR 00-4p requires ALJs to "elicit a reasonable explanation

for the conflict before relying on the VE … evidence to support a determination or decision about whether the claimant is disabled." Id. at *5. SSR 00-4p did not impose a similar requirement for conflicts between VE testimony and the other documents administratively noticed in 20 C.F.R. § 416.966(d), such as the OOH. Plaintiff admits that "the Commissioner has published no ruling construing paragraph (d)(5)." (JS at 6.) Plaintiff argues, however, that treating the DOT and the OOH differently "would amount to capricious interpretation," since both are the subject of administrative notice in 20 C.F.R. § 416.966(d). (JS at 7.) Plaintiff argues that the OOH is actually the preferable source, because the DOT is out-of-date and the OOH is current and available online. (Id.)

As applied to the present case, Plaintiff argues that the OOH equivalents of the three occupations that the ALJ found Plaintiff capable of performing—button reclaimer, surveillance systems monitor, and cutter/paster—all require a high school education, something Plaintiff does not have. (JS at 9.) Plaintiff therefore argues that he cannot perform these occupations, despite the VE's testimony that he could. (Id.)

Plaintiff cites no authority for the proposition that an ALJ must address conflicts between the testimony of the VE and the OOH. (JS at 5-9, 26-34.) In fact, this argument has been rejected by a number of district courts. See, e.g., Schoux v. Colvin, 2016 WL 3194988, at *3 (N.D. Cal. June 9, 2016) ("Because the [VE] testified that the identified jobs were consistent with the DOT, Social Security Ruling 00-4p did not impose a duty upon the ALJ to seek any further explanation from the [VE] regarding the identified jobs. Plaintiff has pointed to no authority indicating that an ALJ is required to inquire whether a vocational expert's testimony regarding job numbers is consistent with the County Business Patterns or any source other than the DOT."); Simpson v. Colvin, 2016 WL 3091487, at *5 (C.D. Cal. May 31, 2016) ("[W]hile plaintiff attacks the VE's numbers by citing to information from the Bureau of Labor Statistics [in the OOH], a VE may rely on any number of sources and the

1  Bureau of Labor Statistics is not the only source a VE may rely on."); Palomino v.
2  Colvin, 2015 WL 2409881, at*5-6 (C.D. Cal. May 20, 2015) (noting that plaintiff
3  "cited no authority for the proposition that the ALJ is bound by the OOH," and that
4  "it is the DOT that courts have recognized as the rebuttable presumptive authority on
5  job classifications," not the OOH); Turner v. Colvin, 2015 WL 1239624, at *4 (C.D.
6  Cal. Mar. 17, 2015) ("Although the Commissioner's regulations provide that
7  the OOH is one of several competent sources of job information, they do not provide
8  that the OOH is the definitive source. … Moreover, the Ninth Circuit has held that
9  an ALJ may rely on a VE's testimony as a reliable source of information about job
10 numbers because a VE's 'recognized expertise provides the necessary foundation for
11 his or her testimony' and 'no additional foundation is required.'"); Willis v. Astrue,
12 2009 WL 1120027 at *3 (W.D. Wash. Apr. 24, 2009) ("First, plaintiff provides no
13 basis for relying on a perceived conflict between the O-NET and the VE testimony.
14 … SSR 00-4p and cases decided subsequent to that ruling specifically require the
15 resolution of conflicts between the DOT and a VE's testimony. … Plaintiff fails to
16 provide any support for a contention that the creation of the O-NET altered this
17 requirement.").

18       Plaintiff argues that, in the absence of a ruling by the Commissioner
19 interpreting 20 C.F.R. § 416.966(d)(5), it is this Court's duty to interpret what the
20 regulation means. (JS at 27.) According to Plaintiff, this Court should hold that 20
21 C.F.R. § 416.966(d)(5) "impose[s] a duty upon the ALJ, that the Commissioner will
22 take notice of the OOH," because treating the DOT and the OOH differently would
23 be a "capricious interpretation of parallel regulatory provisions," since both the DOT
24 and OOH are the subject of administrative notice in 20 C.F.R. § 416.966(d). (JS at
25 26, 7.)

26       The Court disagrees that treating the DOT differently from the OOH and the
27 other publications listed in 20 C.F.R. § 416.966(d)(5) would be arbitrary or
28 capricious. The Commissioner and the Ninth Circuit have long recognized the

7

primacy of the DOT. See SSR 00-4p, 2000 SSR LEXIS 8, at *4; Tommasetti v. Astrue, 533 F.3d 1035, 1042 (9th Cir. 2008) ("The DOT creates a rebuttable presumption as to the job classification."); Johnson v. Shalala, 60 F.3d at 1435 (same). One reason for this is efficiency. Requiring the ALJ to compare the VE's testimony with each of the five listed publications, and then inquire into any discrepancies at the hearing, would place a significant burden on the ALJ and could greatly increase the length of administrative hearings. The language of 20 C.F.R. § 416.966(d)(5) *allows* the ALJ to consider the listed sources by taking administrative notice of them, but it does not *require* the ALJ to do so. This Court sees no reason to impose this additional burden on the ALJ, particularly in the absence of authority from the Commissioner or the Ninth Circuit.

Accordingly, the Court agrees with the authorities listed above and finds that the ALJ did not err by failing to inquire into conflicts between the VE's testimony and the OOH.

**C.      Even if the ALJ had a Duty to Inquire into Conflicts Between the VE's Testimony and the OOH, Plaintiff has Not Shown Such a Conflict.**

Plaintiff's disability report, completed as part of his application for Social Security benefits, indicates that the highest grade of school he completed was 11th grade. AR 232. The ALJ determined, in reliance on the VE's testimony, that Plaintiff could perform the representative occupations of button reclaimer, surveillance-system monitor, and cutter-and-paster. AR 36-37 (ALJ's decision); 63-72 (VE's testimony). Plaintiff argues that these occupations correspond to the following listings in the OOH: protective services workers, quality control inspectors, and general office clerks. (JS at 7-9; Dkt. 25 [request for judicial notice].) Assuming, for the sake of argument, that these occupations are equivalent to those identified by the VE and the ALJ, the OOH listings do not indicate that a high school diploma is *required*, but merely that a high school diploma is *typical*. (Dkt. 25 at 3-9.) See Palomino, 2015 WL 2409881, at *6 ("The OOH simply states that the 'typical

entry-level education' for the three jobs identified is a high-school diploma.").

Accordingly, Plaintiff has failed to demonstrate convincingly that the VE's testimony actually conflicts with the OOH.

## V.

## CONCLUSION

Based on the foregoing, IT IS ORDERED that judgment shall be entered AFFIRMING the decision of the Commissioner denying benefits.

DATED: March 23, 2017

_/s/ Karen E. Scott_
KAREN E. SCOTT
UNITED STATES MAGISTRATE JUDGE